FEE PAID



**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES**

| | |
|---|---|
| **RICHARD VERRET,** | ) |
| | ) |
| **Petitioner** | ) |
| | ) 2:25-CV-00756-SVW-E |
| **vs.** | ) |
| | ) 25-cv- |
| | ) |
| **WARDEN, FCI LOMPOC, in his** | ) |
| **official capacity,** | ) |
| | ) |
| **Respondent** | ) |

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241

COMES NOW, your Petitioner in the instant case, pro se, who respectfully files this Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. Section 2241, and in support thereof, states as follows:

## PROCEDURAL HISTORY OF THE CASE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241 because Petitioner seeks relief from being held in custody in violation of the Eighth Amendment to the U.S. Constitution. In addition, the Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 1331 (federal question) in that the Petitioner's claims arise under the federal statute providing for habeas corpus, 28 U.S.C. § 2241, and under Article I, § 9, cl. 2 of the U.S. Constitution (Suspension Clause), as Petitioner is held in violation of the Eighth Amendment to the U.S. Constitution.

1

## PROCEDURAL HISTORY

Petitioner has filed his initial administrative remedy with the institution, but it was
denied, as were all subsequent administrative remedies. (See attached administrative
remedies). Petitioner is already past his "out" date, and is eligible for immediate release
based upon the clear language of the First Step Act and Second Chance Act, rendering his
remaining in custody illegal. The BOP website currently lists Petitioner's "out" date
(incorrectly) as July 13, 2025.

Petitioner is a lawful permanent resident, and commenced the administrative
remedy process after it was clear that the Federal Bureau of Prisons (BOP) had failed and
would continue to fail to properly calculate and apply sentence credits (FTCs) pursuant to
the First Step Act of 2018. Petitioner has to date accumulated at least 180 days of FTC
credit, (in addition to the one-year reduction in his sentence), not including any Second
Chance Act placement that Petitioner should have already received, and is eligible for
immediate placement in a halfway house/home confinement. To date, Petitioner is
unaware of whether or not the Warden or Federal Bureau of Prisons have begun the
review process of referring him for possible halfway house/home confinement, under the
Second Chance Act (SCA).

## ARGUMENTS

### I. THE WARDEN AND THE FEDERAL BUREAU OF PRISONS HAVE FAILED TO TIMELY APPLY HIS SENTENCE CREDITS MANDATED BY THE FIRST STEP ACT OF 2018

Under the First Step Act, (FSA), Time Credits " shall" be applied when
incarcerated people earn them. The FSA makes this clear two separate times.

First, in 18 U.S.C. § 3632(d)(4)(A), the FSA states that "[a] prisoner... who successfully completes evidence-based recidivism reduction programming or productive activities, **shall** earn time credits .... " Second, in 18 U .S.C. § 3632(d)(4)(C),the FSA states that "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities **shall** be applied toward time in prerelease custody or supervised release" and that "[t}he Director of the Bureau of Prisons **shall** transfer eligible prisoners . .. into prerelease custody (emphasis added.)" Petitioner is clearly eligible for FSA credits and attaches hereto evidence thereof. Based upon the clear language of the First step Act, and the BOP's own policy (see attached), Petitioner is not disqualified from receiving FTC (or FSA) credits.

As one federal judge explained in a 2021 case of O'Bryan v. Cox. 20-7582, (D of NJ , 8-25-2020), "[m]andatory words such as 'shall ' impose a duty and permissive words such as 'may ' grant discretion .... " Because Congress was clear in using the mandatory word "shall" in these instances, that court concluded, "no deference is to be accorded to the BOP position that it need do nothing with accrued time credits under the FSA until January 15, 2022." As the O'Bryan court noted, this is the only interpretation permitted by the " shall" heavy statute.

Petitioner, a federal inmate at FCI Allenwood, alleges that the Federal Bureau of Prisons ("BOP") has failed to properly apply his "Earned Time" credits for "Evidence-Based Recidivism Reduction Training" under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), a recently enacted statute aimed at assisting prisoners' reintegration into society. Petitioner contends that the BOP should have given him credit for his participation in various training programs, as well as his prison employment, reducing his

custodial sentence by one year, with the balance of his accrued FSA credits applied to

any halfway house or home confinement. Petitioner further alleges that if those accrued

sentence credits were applied pursuant to the clear language of FSA, he would already be

eligible for release.

## II. THE FIRST STEP ACT OFFERS PRISONERS THE OPPORTUNITY TO EARN CREDIT TOWARD THEIR SENTENCE.

As noted in Goodman v, Ortiz, 20-7582, (D. NJ , 2020),

Under the Act, the BOP created a risk and needs assessment system, titled

"Prisoner Assessment Tool Targeting Estimated Risk and Need s" ("PATTERN, ")

in compliance with the First Step Act, 18 U.S.C. § 3632(a). The First Step Act

required the BOP, among other things, to "determine the type and amount of

evidence-based recidivism reduction programming that is appropriate for

each prisoner and assign each prisoner to such programming accordingly ...." 18

U.S.C.A. § 3632(a)(3). Pursuant to 18 U.S.C. § 3632(d)(4), prisoners shall earn

time credits for participation in such programs:

(4) Time credits. -

(A) In general. --A prisoner, except for an ineligible prisoner under subparagraph

(D), who successfully completes evidence-based recidivism reduction

programming or productive activities, shall earn time credits as follows:

(i) A prisoner shall earn 10 days of time credits for every 30 days of

successful participation in evidence-based recidivism reduction

programming or productive activities.

(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in Case 1:22-cv-02085-YK-SH Document 1 Filed 12/30/22 Page 2 of 5 evidence based recidivism reduction programming or productive activities.

(B) Availability. --A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed-

(i) prior to the date of enactment of this subchapter; or

(ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a).

Petitioner has maintained a MINIMUM PATTERN score, has a flawless institutional record and camp status, and is, therefore eligible to receive the maximum amount of sentence credits, twelve (12) months.

## III. THE FIRST STEP PATTERN PROGRAM

"The First Step Act, Pub. L. No. 115-015, 132 Stat. 015 (2018), signed into law on December 21, 2018, provides comprehensive federal criminal justice reform by, inter alia, creating a new risk and needs assessment system to provide appropriate programming for prisoners .... " Musprove v. Ortiz, No . CV 19-5222 (NU-I), 2019 WL

2240563, at '"2 (D.N.J. May 24, 2019). The First Step Act added the following relevant

subsections to 18 U.S.C. § 3621:

(h) Implementation of risk and needs assessment system. -

(1) In general. --Not later than 180 days after the Attorney General

completes and releases the risk and needs assessment system [release

occurred on July 19, 2019] (referred to in this subsection as the

"System") developed under subchapter D, the Director of the Bureau of

Prisons shall, in accordance with that subchapter-

(A) implement and complete the initial intake risk and needs assessment

for each prisoner (including for each prisoner who was a prisoner prior to

the effective date of this subsection), regardless of the prisoner's length of

imposed term of imprisonment, and begin to assign prisoners to appropriate evidence-

based recidivism reduction programs.


### III. THE BUREAU OF PRISONS IS OBLIGATED TO IMMEDIATELY PLACE PETITIONER IN HALFWAY HOUSE OR HOME CONFINEMENT

The clear language of the SCA provides for "up to" 365 days of halfway

house/home confinement, based upon five factors. After the Petitioner's institution has

made their analysis of those five factors, factoring in Petitioner's long incarceration,

stellar programing, employment, and prison disciplinary record. The RRM under SCA is

not invested with the authority to reduce one year to zero without explanation, and to do

so is a clear and obvious abuse of administrative discretion, violative of Petitioner's

rights under the SCA, the Due Process Clause of the United States Constitution, and the

BOP's own policies and procedures.

Two cases that struck down the Bureau's attempts to limit FSA credits and

halfway house placements are Yufenyuy v. Warden, where U.S. Magistrate Judge Andrea

K. Johnstone, a federal judge in New Hampshire, ordered the BOP to apply the First Step

Act time credits a federal prisoner, Austen Yufenyuy, had earned while in BOP custody

from the date of sentencing, and 24- 3053-JWL  United States District Court, District of

Kansas,  Woodley v. Warden, USP Leavenworth/ In this case the judge rejected the

Bureau scheme of stating that no room was available at the halfway house.

In Woodley, the court ruled as follows: "Respondent's excuse for delaying

petitioner's transfer to an RRC is that bed space is not available in a particular RRC... No

such condition concerning bed availability is included among the requirements for

eligibility under Section 3624(g), however, and thus immediate placement in prerelease

custody is nevertheless required under Section 3632(d)(4)(C). As noted above, that

statute uses the mandatory 'shall' (as distinguished, for instance, from the provision in

Section 3624(g)(3) that the BOP 'may' transfer a prisoner to early supervised release).

Numerous courts have held that the BOP has no discretion to delay or refuse transfer of

an eligible prisoner to prerelease custody, which transfer is mandatory. See, e.g., Doe v.

Federal Bur. of Prisons, 2024 WL 455309, at *1-4  (S.D.N.Y. Feb. 5, 2024) (transfer to

prerelease  custody was required despite the prisoner's  participation in the witness

protection program); Ramirez v. Phillips, 2023 WL 8878993, at *4  (E.D. Cal. Dec. 22,

2023) (agreeing with  interpretation that transfer to prerelease custody is  mandatory,

BOP has no discretion not to transfer); Komando v. Luna, 2023 WL 310580, at *4-8

(D.N.H. Jan. 13, 2023) (transfer to prerelease custody was required despite outstanding

detainer; rejecting argument that the BOP had discretion."

    Petitioner has served the proper amount of time in federal custody, and is now

clearly eligible for immediate release.

### IV. PETITIONER, AS A LPR, CAN ONLY BE HELD OR DEPORTED BY ORDER OF AN IMMIGRATION JUDGE, NOT AN ICE AGENT

    Petitioner, is currently in full "legal" status in the United States, and has a valid

work permit. Petitioner has not been served with any valid order to show cause (OSC)

from an immigration judge, and is entitled to a hearing before that judge as a matter of

due process. Thus, the BOP is without legal authority to held Petitioner beyond the end of

the sentence of confinement. The Constitution's Suspension Clause, which protects the

privilege of the habeas corpus writ, unquestionably requires some judicial intervention in

deportation cases. Heikkila v. Barber, 345 U. S. 229, 235. The writ has always been

available to review the legality of Executive detention, see, e. g., Felker v. Turpin, 518 U.

S. 651, 663, and, until the 1952 Act, a habeas action was the sole means of challenging a

deportation order's legality, see, e. g., Heikkila, 345 U. S., at 235. Habeas courts have

answered questions of law in alien suits challenging Executive interpretations of

immigration law and questions of law that arose in the discretionary relief context. Pp.

305-308.

    In this case, Petitioner has not been served with an Order to Show Cause (OSC)

why she should not be deported, and is clearly not in immigration proceedings. By its

own directives, ICE can only issue valid detainers if the recipient is removable under

immigration statutes: "An immigration detainer is a request from ICE that asks a federal,

state or local law enforcement agency — including jails, prisons or other confinement

facilities — to: Notify the requesting agency as early as possible before they release a removable noncitizen."

. No such determination has been made by any duly-authorized immigration court.

Since Petitioner has **not** been adjudicated a removable alien by an immigration judge (as opposed to a field agent), ICE has no authority to issue such a detainer, and the BOP is not obligated to honor same. The so-called "detainer" placed in the prison file is thus without validity and should be set aside by this Honorable court as void on its face.

Additionally, numerous cases have also stated that ICE is without authority to take individuals such as Petitioner who are LPR's into custody without a hearing. See Padilla v ICE, et al, 2:18-cv-928 MJP, USDC, WD of Washington at Seattle. The Ninth Circuit has held that the government may impose mandatory detention on "only those criminal aliens it takes into immigration custody promptly upon their release" from criminal custody for an offense referenced in the mandatory detention statute. Individuals in states outside California and Washington who were not "promptly" detained upon their release from relevant criminal custody are entitled to a bond hearing under the Ninth Circuit's holding. Preap v. Johnson, 831 F.3d 1193, 1207 (9th Cir. 2016) (emphasis added).

Respondent, as the agent of the federal government, is obligated to follow federal law, and has no authority to deny Petitioner the sentence credits mandated by the First Step Act and the Second Chance Act. According to the Bureau of Prisons (BOP) Program Statements, a "detainer" refers to a hold placed on an inmate by another law enforcement agency, and the BOP policy states that a detainer generally does not affect an inmate's

regular program participation unless specific circumstances related to custody or security are impacted by the detainer; this information can be found primarily within "Program Statement 5322.12: Inmate Classification and Designation." Thus, by not granting Petitioner the earned sentence credits, the BOP is clearly in violation of its own program statement.

## CONCLUSION

As previously set forth, Petitioner is entitled to relief, and Defendant/Petitioner respectfully moves this Honorable Court grant this Petition for habeas corpus, appoint counsel to represent Petitioner in subsequent proceedings, and all other relief that this Honorable Court deems just.

Respectfully Submitted,

By: _____

## CERTIFICATE OF SERVICE

Petitioner, does hereby certify that a true and correct copy of this Reply was duly caused to be served on all parties entitled to notice via the Prison Mailbox Rule on the   9 + h   day of    Jan    , 2025,  via First Class Mail.

Signed: _____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

Central District of California ▼

Richard Verret )
)
)
_____ )
*Petitioner* )
)
v. )      Case No. _____  25 CV _____
)                 *(Supplied by Clerk of Court)*
Warden, FCI Lompoc )
)
)
_____ )
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.    (a) Your full name:   Richard Berret
      (b) Other names you have used: _____
2.    Place of confinement:
      (a) Name of institution:   FCI Lompoc
      (b) Address:   Lompoc, CA

      (c) Your identification number:   95191-509
3.    Are you currently being held on orders by:
      ☑Federal authorities        ☐ State authorities       ☐ Other - explain:

4.    Are you currently:
      ☐A pretrial detainee (waiting for trial on criminal charges)
      ☑Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
            (a) Name and location of court that sentenced you:
            Western District of Texas (San Antonio)
            (b) Docket number of criminal case:   22-cr-22
            (c) Date of sentencing:   06/28/2023
      ☐Being held on an immigration charge
      ☐Other *(explain)*: _____

### Decision or Action You Are Challenging

5.    What are you challenging in this petition:
      ☑How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❐ Disciplinary proceedings

❐ Other *(explain)*:

6.    Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:    FCI Lompoc, CA

(b) Docket number, case number, or opinion number:

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
Denial of request for proper application of FSA and SCA sentence credits.

(d) Date of the decision or action:    08/25/2024

### Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes            ❐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:    Warden, Lompoc

(2) Date of filing:    08/29/2024

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:    08/30/2024

(6) Issues raised:    Same

(b) If you answered "No," explain why you did not appeal:

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes            ❐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

   (1) Name of the authority, agency, or court: BOP Region

   (2) Date of filing: 08/22/2024
   (3) Docket number, case number, or opinion number: 1216240-F1
   (4) Result: Denied
   (5) Date of result: 10/08/2024
   (6) Issues raised: Same

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ☑Yes                ☐No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: BOP Central Office

   (2) Date of filing: 09/09/2024
   (3) Docket number, case number, or opinion number: Same
   (4) Result: Denied
   (5) Date of result: 11/14/2024
   (6) Issues raised: Same

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ☐Yes                ☑No

   If "Yes," answer the following:

   (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

          ☐ Yes                ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

 

 

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes        ☑ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

 

 

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

 

 

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes        ☑ No

If "Yes," provide:

(a)    Date you were taken into immigration custody:

(b)    Date of the removal or reinstatement order:

(c)    Did you file an appeal with the Board of Immigration Appeals?

        ☐ Yes        ☐ No

> If "Yes," provide:
> (1) Date of filing:
> (2) Case number:
> (3) Result:
> (4) Date of result:
> (5) Issues raised:

(d)   Did you appeal the decision to the United States Court of Appeals?

  ☐ Yes                    ☐ No

  If "Yes," provide:
  (1) Name of court:
  (2) Date of filing:
  (3) Case number:
  (4) Result:
  (5) Date of result:
  (6) Issues raised:

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                    ☑ No

If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Seeking proper computation of FSA and SCA sentence credits, pursuant to statute.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See attached memorandum.

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes          ☐ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?
❑ Yes                    ❑ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

### Request for Relief

15.  State exactly what you want the court to do:  grant the writ of habeas corpus, compel proper computation of all sentence credits, which would result in immediate release to halfway house or home confinement, appointment of counsel for all court proceedings, and all other relief that this Honorable Court deems just.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:
01/09/2025

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:       01/09/2025

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_



| Individualized Needs Plan - Program Review    (Inmate Copy) | SEQUENCE: 02337890 |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | Team Date: 10-10-2024 |
| Plan is for inmate: VERRET, RICHARD   95191-509 | |

| | | |
|---|---|---|
| Facility: | LOM LOMPOC II FCI | Proj. Rel. Date: 07-13-2025 |
| Name: | VERRET, RICHARD | Proj. Rel. Mthd: GOOD CONDUCT TIME |
| Register No.: | **95191-509** | DNA Status: LOM09325 / 10-26-2023 |
| Age: | 42 | |
| Date of Birth: | 12-05-1981 | |

**Detainers**

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

**Inmate Photo ID Status**

| |
|---|
| No photo ID - Expiration: null |

**Current Work Assignments**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| LOM | REC PM | REC PM CREW | 05-23-2024 |

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| LOM | ESL HAS | ENGLISH PROFICIENT | 08-01-2023 |
| LOM | GED EARNED | GED EARNED IN BOP | 09-19-2023 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| LOM | | SOFTBALL OFFICIATING | 05-05-2024 | CURRENT |
| LOM | | ACE BEGINNING SPANISH | 07-29-2024 | CURRENT |
| LOM | C | ACE FINANCIAL PEACE ENGLISH | 05-09-2024 | 07-11-2024 |
| LOM | C | INFORMATIONAL JOB FAIR | 04-04-2024 | 04-05-2024 |
| LOM | C | ACE/INTRO TUTOR TRAINING | 03-29-2024 | 03-29-2024 |
| LOM | C | ACE COMMERCIAL DRIVERS LICENSE | 02-05-2024 | 02-05-2024 |

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|
| ** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ** | |

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 10-31-2023 |
| CARE1-MH | CARE1-MENTAL HEALTH | 10-23-2023 |

**Current Medical Duty Status Assignments**

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 10-31-2023 |
| YES F/S | CLEARED FOR FOOD SERVICE | 10-31-2023 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| ED NONE | DRUG EDUCATION NONE | 10-28-2023 |

**FRP Payment Plan**

| Most Recent Payment Plan |
|---|

| FRP Assignment: | COMPLT | FINANC RESP-COMPLETED | Start: 01-19-2024 |
|---|---|---|---|

Inmate Decision: **AGREED**    **$50.00**    Frequency: **MONTHLY**
Payments past 6 months:    **$0.00**    Obligation Balance: **$0.00**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |
| | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | |



**Individualized Needs Plan - Program Review   (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: VERRET, RICHARD  95191-509

SEQUENCE: 02337890
Team Date: 10-10-2024

## FRP Deposits

Trust Fund Deposits - Past 6 months:  $ N/A          Payments commensurate ?   N/A

New Payment Plan:  ** No data **

## Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| AWARD | EBRR INCENTIVE AWARD | 11-02-2023 |
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 10-28-2023 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 10-08-2024 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 10-08-2024 |
| N-COGNTV N | NEED - COGNITIONS NO | 10-08-2024 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 11-01-2023 |
| N-EDUC N | NEED - EDUCATION NO | 10-08-2024 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 10-08-2024 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 10-08-2024 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 10-08-2024 |
| N-MEDICL N | NEED - MEDICAL NO | 10-08-2024 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 10-08-2024 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 10-08-2024 |
| N-TRAUMA Y | NEED - TRAUMA YES | 10-08-2024 |
| N-WORK N | NEED - WORK NO | 10-08-2024 |
| R-MIN | MINIMUM RISK RECIDIVISM LEVEL | 10-08-2024 |

## Progress since last review

Obtain a work assignment (Goal Complete)
Priority Practice Groups (Goal Not Complete)

## Next Program Review Goals

By your next team January 2025
- Maintain a work assignment and perform to receive no less than good on performance evaluations.
- Enroll in FSA program such as Family Programming Series Program focuses 5-part gender responsive and trauma informed care curriculum for incarcerated men, designed as a support group to strengthen families during incarceration.

## Long Term Goals

By your release date 07-13-2025
-Save at least $500 by your release date.
-Maintain clear conduct.
-Maintain satisfactory work progress

## RRC/HC Placement

No.
Criminal alien releasing to custody of ICE.
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

## Comments

Treaty Transfer: Eligible and not interested.
BP-338 Next Update: April 2025
Current Points:  4
FTC: ELIG
FSA Level: R-MIN
Maintain clear conduct and employment; Continue to maintain contact with family at least monthly; Foster a good relationship with staff members and other inmates; Maintain appropriate personal hygiene and high sanitation standards; Determine and continue working towards release preparation and obtainable goals.

## FSA Time Credit Assessment

Register Number:95191-509, Last Name:VERRET

**U.S. DEPARTMENT OF JUSTICE**      **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 95191-509 | Responsible Facility: LOM |
| Inmate Name | Assessment Date.....: 06-30-2024 |
|   Last.............: VERRET | Period Start/Stop...: 10-19-2023 to 06-30-2024 |
|   First............: RICHARD | Accrued Pgm Days....: 255 |
|   Middle...........: | Disallowed Pgm Days.: 0 |
|   Suffix...........: | FTC Towards RRC/HC..: 90 |
| Gender.............: MALE | FTC Towards Release.: 0 |
| Start Incarceration: 06-22-2023 | Apply FTC to Release: No |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 10-19-2023 | 06-30-2024 | accrue | 255 |

  **Cannot apply FTC**

    **No Term Suprv: Yes**

------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 10-19-2023 | 05-14-2024 | accrue | 208 |

  Accrued Pgm Days...: 208
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 60

------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 05-14-2024 | 06-30-2024 | accrue | 47 |

  Accrued Pgm Days...: 47
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 30

--- FSA Assessment ------------------------------------------------

| # | Start | Stop | Status | Risk Assignment | Risk Asn Start | Factor |
|---|---|---|---|---|---|---|
| 001 | 10-19-2023 | 11-16-2023 | ACTUAL | FSA R-LW | 11-02-2023 1315 | 10 |
| 002 | 11-16-2023 | 05-14-2024 | ACTUAL | FSA R-LW | 11-02-2023 1315 | 10 |
| 003 | 05-14-2024 | 08-12-2024 | ACTUAL | FSA R-MIN | 04-23-2024 0957 | 15 |

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

*BP-8 request*

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Case Manager M. Flores | DATE: August 5, 2024 |
|---|---|
| FROM: Verret, Richard | REGISTER NO.: 95191-509 |
| WORK ASSIGNMENT: Rec PM | UNIT: M - cell A8 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

My status is FTC-ELIGIBLE-REVIEWED. My FTC's
are currently applied towards RRC/HC.
I can't go to RRC/HC. The first cumulated
365 days of FTC should be applied towards early
release.

Resolution requested:

Please apply my FTC towards release.

(Do not write below this line)

DISPOSITION:

You are Eligible for FSA, but Can't apply due to
No Supervision.

| Signature Staff Member | Date 8-5-24 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

# BP-8 Request

INFORMAL RESOLUTION REQUEST             DATE: August 19, 2024

NAME: Verret, Richard  REG. NO.: 95191-509 UNIT: M

INMATE'S COMPLAINT:

My status on my team sheet shows FTC - ELIGIBLE -REVIEWED . My FTC's are currently applied towards RRC / HC . My case manager say I can't go to halfway house. The first 365 days of FTC should be applied to early release .

RELIEF REQUESTED:

Please apply my FTC towards early release

INMATE SIGNATURE: _____  DATE: August 19, 2024

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

BP-9

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: VERRET, RICHARD          95191-509      M      LOMPOC FCI-II
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.       UNIT         INSTITUTION

**Part A– INMATE REQUEST**

My status is FTC-ELIGIBLE-REVIEWED for FSA.
My FTC's are currently applied towards RRC/HC
and have been told I can't go to halfway house.
The first 365 days of FTC should be applied
towards early release.

Please apply my FTC's towards early release.

August 22, 2024                          _____
       DATE                              SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
AUG 22 2024
BY:

_____                    _____
       DATE                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: 1209504-F2

                                                  CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
       DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Case Manager M. Flores | DATE: August 28, 2024 |
|---|---|
| FROM: Verret, Richard | REGISTER NO.: 95191-509 |
| WORK ASSIGNMENT: Rec PM | UNIT: M |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

By end of the year I should have close to 180 days of FTC cumulated. I should be able to go to an halfway house or home confinement in January at the latest. Is this information correct? Any issue preventing this?

(Do not write below this line)

DISPOSITION:

You are Eligible to earn them, but Can't be apply because you have NO SRT.

| Signature Staff Member | Date 8-29-24 |
|---|---|

Record Copy - File; Copy - Inmate

PDF                          Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

LOM – 1209504-F2
Part B - Response


This is in response to your Request for Administrative Remedy received on August 22, 2024, in which you request your First Step Act Federal Time Credits (FTCs) be applied to your release date.

A review of this matter revealed, pursuant to Program Statement 5410.01 CN-2, First Step Act of 2018 - Time Credits, The Bureau may apply FSA Time Credits toward early transfer to supervised release under 18 U.S.C. 3624(g) only when an eligible inmate has, in addition to satisfying the criteria in paragraphs (b) and (c) of this section: (1) An eligible inmate has maintained a minimum or low recidivism risk through his or her last risk and needs assessment; (2) An eligible inmate has a term of supervised release after imprisonment included as part of his or her sentence as imposed by the sentencing court; and (3) The application of FSA Time Credits would result in transfer to supervised release no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred.

Currently you are serving a 57-month sentence for 18 U.S.C. 1029(a)(6), Unauthorized Solicitation of Access Devices, with no supervised release to follow.  Therefore, FTC credits cannot be applied.

Accordingly, your Request for Administrative Remedy is denied. If you are not satisfied with this response, you may submit an appeal on the appropriate form (BP-10) to the Regional Director, Western Regional Office, Federal Bureau of Prisons, 7338 Shoreline Drive, Stockton, CA, 95219, within 20 calendar days of the date of this response.


_____          8/30/2024
B. Birkholz, Warden                       Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: VERRET, RICHARD ___ 95191-509 ___ M ___ LOMPOC FCI-II
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**

My FSA status is FTC-ELIGIBLE-REVIEWED. My FTC's are currently applied towards RRC / HC and my case manager said I can't go to halfway house.

The first 365 days of FTC should be applied toward early release.

Please apply my FTC's towards early release.

September 9, 2024
DATE

SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                      REGIONAL DIRECTOR
        DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

CASE NUMBER: _____

FIRST COPY: REGIONAL FILE COPY

**Part C—RECEIPT**

CASE NUMBER: 1209504-1?

Return to: _____        _____        _____        _____
                LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

1209504-R1
FCC Lompoc

This is in response to your Regional Administrative Remedy Appeal received in this office on September 13, 2024, wherein you indicate "the first 365 days of FTC [sic] should be applied towards early release." As relief, you request the Federal Bureau of Prisons "apply [your] FTC's towards early release."

An investigation into your inquiry revealed you are a serving a 46-month sentence for a violation of 18 U.S.C. § 1029(a)(6) - Unauthorized Solicitation of Access Devices. You have no term of supervision to follow. Convictions under 18 U.S.C. § 1029(a)(6), are eligible to earn Federal Time Credits (FTCs) under the First Step Act; however, per the Code of Federal Regulation (C.F.R.) § 523.40(b), and the Federal Bureau of Prisons' Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), in order to apply FTCs towards an "early transfer to supervised release," you must have been sentenced to a term of supervision to follow your term of incarceration. As you were sentenced by a judge in good standing in the Middle District of Louisiana to a term of incarceration which did not include a term of supervision to follow, FTCs are prohibited from being applied in the manner you are requesting.

Therefore, your request for Regional Administrative Remedy is denied. If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

_____
M. Rios-Marques, Regional Director

_____
Date   10/8/24

**U.S. Department of Justice**

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

BP-11

Type or use ball point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: VERRET , RICHARD        95191-509        M        LOMPOC FCI II
　　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

I am FTC - ELIGIBLE - REVIEWED. My earned FTC's are currently applied towards RRC/HC but my case manager says I cannot go to halfway house. I do not have a final order of deportation. I want my FTC's to be applied to early release. The first 365 days of FTC should be applied to early release instead.     Thank you.

October 22, 2024

DATE                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 0 1 2024

Administrative Remedies
Federal Bureau of Prisons

_____                _____
DATE                           GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

**Part C - RECEIPT**                     CASE NUMBER: _____

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                _____
DATE                           SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL



**UNITED STATES POSTAL SERVICE** ® | **PRIORITY**® **MAIL**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014    EP14F October 2023
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.



PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

**UNITED STATES POSTAL SERVICE**®

**PRIORITY**®
MAIL

FROM:

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

Richard Werral
95199-509
FCI Lompoc.
3901 Klein Blvd
Lompoc, CA.
93436.

TO:

USDC — CD — CA
@ LA.
350 W 1st
# 4311
LA., CA
90012

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

**UNITED STATES POSTAL SERVICE**®

**USPS TRACKING #**

9114 9999 4431 4504 4139 50

RED

14F October 2023
12 1/2 x 9 1/2