JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JOHNPAUL LECEDRE (Cal. Bar No. 303100)
     Post-Conviction and Special Litigation Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4447
     Facsimile: (213) 894-0142
     E-mail:  johnpaul.lecedre@usdoj.gov

Attorneys for Respondent
B. BIRKHOLZ, WARDEN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VERRET,<br><br>    Petitioner,<br><br>    v.<br><br>B. BIRKHOLZ, WARDEN,<br><br>    Respondent. | No. 25-CV-00756-SVW-MBK<br><br>GOVERNMENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; DECLARATION OF CHRIS LIWAG WITH EXHIBITS |

Respondent B. Birkholz, Warden, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its motion to dismiss the petition of petition of Richard Verret ("Petitioner"), in the above-entitled matter, for a writ of habeas corpus (Docket Number ("Dkt.") 1).

//

//

This motion to dismiss is based upon the attached memorandum of points and authorities, the declaration of Bureau of Prisons employee Chris Liwag with Exhibits attached thereto, and such further evidence and argument as the Court may request or permit.

Dated: February 25, 2025          Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
JOHNPAUL LECEDRE
Assistant United States Attorney

Attorneys for Respondent
B. BIRKHOLZ, WARDEN

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Petitioner was convicted in the Middle District of Louisiana for Unauthorized Solicitation of Access Devices on June 22, 2023, arriving at Lompoc Federal Corrections Institute ("FCI") afterwards, where he was sentenced to 46-months imprisonment.[1]  He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "petition") challenging the BOP's failure to designate him to complete his sentence in a Residential Reentry Center ("RRC"), also known as a halfway house.  The petition should be dismissed on two independent grounds.  First, Petitioner is not eligible for release to an RRC due to him being a non-citizen.  Second, under clear statutory prohibition and Ninth Circuit precedent, this Court lacks jurisdiction to review the BOP's housing determinations including specifically its determination of whether to place defendant in a halfway house.

**II.  PERTINENT BACKGROUND**

In June of 2023, Petitioner was convicted in the Middle District of Louisiana of Unauthorized Solicitation of Access Devices, in violation of 18 U.S.C. § 1029(a)(6).  (Ex. 4).  He began serving his sentence for this violation shortly thereafter.  (See Liwag Decl. ¶ 4, Exs. 1, 4).

On or about January 24, 2025, Petitioner filed the petition under 28 U.S.C. § 2241 in this case.  (Dkt. 1).  Petitioner complains

---

[1] Petitioner was originally sentenced to 57-months prison; however, a subsequent order is in the case docket granting a motion to reduce the sentence from 57-months to 46-months. (MDLA, CR No. 2:22-00022-SDD-SDJ, Dkt. No. 80.; Exs. 4, 5)

that the BOP has told him that it will not be designating him for placement in a halfway house under 18 U.S.C. § 3624(c).

Petitioner is currently housed by BOP in this judicial district with a projected date of release on July 13, 2025. (Liwag Decl. ¶ 4). Petitioner is a non-citizen and deportable alien. (Liwag Decl. ¶¶ 11, 12; Exs. 2, 3.)

**III. ANALYSIS**

The petition should be dismissed on two separate and independent grounds. First, Petitioner is not eligible for release to an RRC due to him being a non-citizen. Second, this Court lacks jurisdiction to review or make orders with respect to BOP's custody placement decisions including whether to grant defendant's request for placement in a halfway house.

**A.  Petitioner is Ineligible for Release to an RRC**

Petitioner's claim that he is entitled to pre-release custody in an RRC under the FSA is legally unfounded. While the FSA allows certain inmates to earn Earned Time Credits (ETCs) toward early transfer to pre-release custody, the BOP has determined that non-citizens subject to removal proceedings are generally ineligible for such placements. (Ex. 7)  BOP regulations and policy guidance establish that RRC placement is intended to assist prisoners in reintegrating into the community prior to release. See 18 U.S.C. § 3624(c). However, for inmates subject to removal proceedings, there is no expectation that they will reenter any community within the United States—rather, they face possible immigration detention and deportation immediately upon completion of their sentence. Consequently, BOP exercises its broad discretion to limit RRC placements for non-citizens who may not remain in the United States

after release.  Courts have consistently upheld the BOP's authority to determine pre-release custody based on administrative and policy considerations.  See e.g., Sacora v. Thomas, 628 F.3d 1059, 1066 (9th Cir. 2010) (holding that BOP has broad discretion over RRC placements and may deny placement based on institutional policies).

The BOP's discretion under 18 U.S.C. § 3624(c) means that even when a prisoner earns FSA time credits, the agency retains authority to determine how and where those credits are applied.  In cases where a prisoner is likely to be transferred to immigration custody or deported following completion of their sentence, the BOP may decline to assign that individual to an RRC facility, as such placement would not serve the statutory purpose of community reintegration.  The FSA itself does not override the BOP's discretion in implementing pre-release custody assignments, particularly in cases where an individual is facing removal proceedings.

Petitioner is a non-citizen subject to potential removal proceedings.  (Liwag Decl. ¶¶ 11, 12; Exs. 2, 3.)  Given these factors, Petitioner's immigration status renders him ineligible for pre-release custody.  Because the FSA does not create an entitlement to RRC placement, and BOP retains its broad discretion in pre-release custody decisions, Petitioner's claim fails as a matter of law.

**B.   This Court Lacks Jurisdiction to Review Defendant's Request for Transfer to a Halfway House**

Under binding Ninth Circuit law, the petition must be dismissed because this Court lacks jurisdiction to review BOP's placement designations for inmates generally, and BOP's RRC determination raised in the petition specifically.

The BOP makes inmate placement determinations throughout an

3

inmate's incarceration.  Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of imprisonment and to direct the transfer of a prisoner from one correctional facility to another "at any time." Rodriguez v. Smith, 541 F.3d 1180, 1182, 1185 (9th Cir. 2008).  Under § 3621(b), the BOP is required to consider several factors when designating the place of a prisoner's imprisonment. However, in 18 U.S.C. § 3621(b) Congress also expressly provided that "a designation of a place of imprisonment under this subsection is not reviewable by any court."  18 U.S.C. § 3621(b).  Thus, while a court may make recommendation at sentencing regarding an inmate's placement, it has "no jurisdiction to select the place where the sentence will be served.  Authority to determine the place of confinement resides in the executive branch of government and is delegated to the [BOP]." United States v. Dragna, 764 F.2d. 457, 458 (9th Cir. 1984) (per curiam).

 As part this inmate designation process, under the Second Chance Act of 2007, the BOP is authorized to "consider" putting inmates into "prerelease custody," such as an RRC or home confinement, for up to twelve months, upon consideration of the factors in § 3621(b).  18 U.S.C. § 3624(c); see generally Irvis v. Doerer, 5:24-CV-1708-PA-AJR, 2024 WL 3886105, at *1 (C.D. Cal. Aug. 18, 2024).  If an inmate is designated to prerelease custody, he is still in the custody of the BOP and serving his term of incarceration.  18 U.S.C. § 3624(g)(2)(B).  However, placement in an RRC is within BOP's discretion, and "a prisoner is neither entitled to nor guaranteed such a placement for any minimum amount of time." Irvis, 2024 WL 3886105, at *1; see 18 U.S.C. § 3624(c)(4); Carraway v. Adler, No. 1:10-CV-01781-LJO-JTL, 2010 WL 289292, at *3 (E.D. Cal. 2010).

Congress' determination to bar judicial review of BOP's placement designations is not only set forth specifically for all BOP placement designations under 18 U.S.C. § 3621(b), but also more generally in 18 U.S.C. § 3625.  That provision precludes application of the Administrative Procedure Act and its judicial review provisions "to any determination, decision, or order" made under 18 U.S.C. §§ 3621-24.  Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011).  In Reeb, the Ninth Circuit interpreted § 3625 to find that all substantive BOP decisions with respect to individual inmates under any BOP programs run pursuant to §§ 3621-3624 (or BOP regulations issued under those statutes), were not reviewable by a district court, nor subject to challenge by an inmate in a habeas petition.  Id.  It concluded that when an inmate's "habeas petition alleges only that BOP erred in his particular case," the district court lacks jurisdiction to adjudicate the merits of the petition. Id. at 1228-29.

Although Reeb arose from a petitioner's challenge to BOP's refusal to designate an inmate for its RDAP drug treatment program, courts in this Circuit have repeatedly applied its broad statutory holding to BOP inmate decisions regarding RRC placements.  As noted above, RRC decisions, and the RRC program generally, operate pursuant to 18 U.S.C. §§ 3621 and 3624, so they are clearly covered by the jurisdiction stripping language in 18 U.S.C. § 3625 and the holding in Reeb.  See, e.g., Mohsen v. Graber, 583 F. App'x 841, 842 (9th Cir. 2014) (under Reeb, district court lacks jurisdiction to adjudicate RRC placement claim); Mohrbacher v. Ponce, CV 18-513-DMG (GJS), 2018 WL 6183414, at *3 (C.D. Cal. 2018) (same) ("As RRC decisions are governed by 18 U.S.C. §§ 3621 and 3624(c), Reeb has

5

made clear that the BOP's individualized decisions made pursuant to these statutes are not subject to judicial review, whether under the APA or in habeas review") (collecting case); Greiger v. Adler, 1:10-CV-715-AWI-JLT HC, 2011 WL 5417093, at *6-7 (E.D. Cal. 2011) (same) (collecting cases).

Here, Petitioner challenges the BOP's individualized RRC determination for him under §§ 3621 and 3624. However, this Court lacks jurisdiction to review that determination by operation of both the ban on review of placement decisions in § 3621(b), and the jurisdiction stripping provision of § 3625, as construed by Reeb and its progeny. The Court must therefore dismiss the petition.

## IV.   CONCLUSION

For the reasons set forth above, the Court should dismiss the Petition.