DECLARATION OF CHRIS LIWAG

I, Chris Liwag, do hereby declare the following:

**1.** I have been employed by the Bureau of Prisons (BOP) since January 1997. I am currently employed as the Senior Correctional Programs Specialist (SCPS) at the Western Regional Office in Stockton, California. I became the SCPS in January 2019. Prior to assuming this position, I served as the CPS in the Regional Office and Discipline Hearing Officer (DHO) at the United States Penitentiary at Atwater, California. Prior to then, I served as the alternate DHO for approximately six years and Case Management Coordinator/Case Manager at USP Atwater.

**2.** This declaration in support of the response of Warden B. Birkholz, in the case of <u>Richard Verret v. Warden, FCI Lompoc</u> 2:25-cv-00756, wherein inmate Richard Verret, Federal Register Number 95191-509 (Petitioner), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his accumulated First Step Act (FSA) Federal Time Credits (FTCs) entitle him to a transfer to a halfway house, also known as a Residential Reentry Center (RRC) or home detention.

**3.** In the regular course of my duties, I am familiar with basic sentence computation and with the application of FSA FTCs. I utilize BOP's official records, including the SENTRY database (which contains information by inmate as to court, judgment, sentence data, and inmate personal information, among other

identifying information). I also have access to the Electronic Inmate Central File (e-ICF). The e-ICF contains various documents related to an inmate's incarceration including, but not limited to, FSA documents.

4. Attached hereto as Exhibit 1 is a true and correct copy of a report titled "Public Information Inmate Data," generated for Petitioner on February 5, which provides a synopsis of all information that may be freely released to the public regarding an inmate. Based upon my review of this report, on June 22, 2023, Petitioner was convicted in Criminal Action Number 3:22-CR-00022-SDD-SD of one count of Fraud in violation of 18 U.S.C. § 1029(A)(6). See Exhibit 1. Petitioner is currently serving a 46-month term of imprisonment imposed by the United States District Court for the Middle District of Louisiana. Id. He has a projected release date of July 13, 2025, via Good Time Credit. Id. Petitioner is currently confined at the Federal Correctional Institute Lompoc, located in Lompoc, California. Id.

5. On December 21, 2018, Congress enacted the First Step Act to address reentry of the incarcerated individuals. The FSA directs the BOP to take specific actions regarding programming, good conduct time credit (projected credits based upon the length of sentence, which can be lost), FSA time credit (additional credit that can be earned and applied to offset discretionary pre-release custody time), and compassionate release, among other issues. See Pub. L. No. 115-391, 132 Stat.

5194. Congress identified inmates that are ineligible to earn time credits as those serving a term of imprisonment for conviction under any of the offenses enumerated at 18 U.S.C. § 3632(d)(4)(D).

6.  Eligible inmates can earn time credits for programming or activities in which he or she participated in from December 21, 2018, the date of enactment of the First Step Act of 2018. See P.S. 5410.01 CN-2 at 9-10; 28 C.F.R. § 523.42(b). Eligible inmates may earn up to 365 FTCs towards early release. See PS 5410.01 CN-2, at 17; 18 U.S.C. §3624(c)(1). An inmates may only apply FTCs towards early release if that inmate has a court-imposed term of supervised release. See 18 U.S.C. § 3632(d)(4)(c), 18 U.S.C. § 3624(g)(3).

7.  The United States Sentencing Commission (USSG) establishes sentencing policies and practices for the federal criminal justice system. See 28 U.S.C. § 994(a)(1). USSG's guidelines are promulgated in the USSG Guideline Manual and include recommendations to sentencing courts on when it is and is not appropriate for a court to impose a term of supervised release. See 28 U.S.C. § 994(a)(1)(c), USSG § §5D1.1. The USSC advises that sentencing courts should avoid imposing a term of supervised release "in a case in which the defendant is a deportable alien who likely will be deported after imprisonment." USSG § 5D1.1(c).

8.  Once an inmate has already earned the maximum amount

(365) of FTCs towards early release, FTCs earned above that number may be applied to the inmate's prerelease custody time (time spent in a Residential Reentry Center or time in home confinement). Id. RRC and/or home confinement referrals will ordinarily be submitted to the respective Residential Reentry Management office in advance of the inmate's projected release date.  See P.S. 5410.01 CN-2 at 16. The RRC and/or home confinement recommendation will include the total number of days recommended based on a five factor review under 18 U.S.C. § 3621(b). The five factors include:(1) the resources of the facility; the nature and circumstances of the offense;(3)the history and characteristics of the prisoner; (4)statements from the sentencing court concerning the purpose of the imprisonment or recommending a type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. See 18 U.S.C. § 3621(b).

    **9.**    Since the enactment of the FSA, my duties include supporting BOP staff in assessing inmates for FTC eligibility, as well as assisting in the formulation of policy and procedures necessary to carry out the implementation of the FSA.

    **10.**   Petitioner's most recent FSA Time Credit Assessment was completed on February 9, 2025. Attached hereto as Exhibit 3 is true and correct copy of the Petitioner's FSA Time Credit Assessment which was generated on February 20, 2025. As of that time, Petitioner had accrued 195 days toward prerelease custody (e.g., Residential Reentry Center/home confinement) and zero

days toward early transfer to supervised release. Id.

11. Petitioner's FSA Time Credit assessment indicates that Petitioner is not eligible to have FTCs applied towards his sentence. See Exhibit 3 at 1. ("Apply FTC to Release: No" and "Cannot apply FTCs toward early release – No Term of Supervision"). Although Petitioner is FTC eligible he cannot apply his 195 FTCs towards prerelease custody (half-way house/ HC)because Petitioner is a non-citizen.

12. Attached hereto as Exhibit 4 is a true and correct copy of the Petitioner's Judgment and Commitment Order which was imposed on June 28, 2023. The sentencing court in Petitioner's case did not impose a period of supervised release. See Exhibit 4. The Court indicated in Petitioner's June 28, 2023 Judgement and Commitment Order that Petitioner was not given a term of supervised release due to Petitioner's status as a deportable alien. See Exhibit 4 at 3. ("Pursuant to USSG § 5D1.1(c), the Court will not impose a term of supervised release"). See also USSG § 5D1.1(c). ("The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.")

13. Petitioner's sentence was reduced from 57 months to 46 months on June 4, 2024. Attached hereto as Exhibit 5 is a true and correct copy of a court order reducing Petitioner's sentence, which was generated on June 4, 2024. A review of this

court order reveals that Petitioner's new sentence, consistent with his prior sentence, did not contain a period of supervised release. See Exhibit 4, Exhibit 5. Petitioner does not have a term of supervised release. Petitioner can therefore not apply FTCs towards early release. See 18 U.S.C. § 3632(d)(4)(c), 18 U.S.C. § 3624(g)(3).

14. Attached hereto as Exhibit 2 is a true and correct copy of a report titled "Inmate History," generated for Petitioner on February 18, 2025, which provides a synopsis of BOP locations where Petitioner has been held, as well as BOP locations to which Petitioner is projected to transfer. Petitioner has not been transferred to prerelease custody and is not currently projected to be transferred to prerelease custody. See Exhibit 2. This determination is consistent with the five-factor test under 18 U.S.C. § 3621(b). Here, BOP has assessed Petitioner should not be transferred to prerelease custody due to Petitioner's status as a deportable alien. See Exhibit 3. The sentencing court in Petitioner's case indicated concern with Petitioner's non-citizen status when it listed USSG § 5D1.1(c) as a relevant sentencing guideline on Petitioner's Judgement and Commitment Order. See Exhibit 3 at 3.

15. I am also familiar with the BOP's Administrative Remedy Program. The BOP has a three-level Administrative Remedy Program, whereby inmates can formally file a complaint about any aspect of their incarceration. See 28 C.F.R. § 542.10, et seq. The program requires that the inmate first attempt Informal

Resolution (BP 8). Id. The inmate may then present his request for Administrative Remedy to the Warden (BP-9). If dissatisfied with the Warden's response, the inmate may appeal the Warden's decision to the Regional Director (BP-10). Id. If dissatisfied with that response, the inmate may, finally, appeal to the General Counsel in the Central Office of the BOP (BP-11). Id. An inmate has not exhausted the Administrative Remedy process until he or she has filed his or her complaint at all three levels and has received a response from all three levels, not including the situation where a remedy is "rejected." See 28 C.F.R. § 542.10, et seq.

16. Attached as Exhibit 6 is a true and correct copy of a report entitled "Administrative Remedy Generalized Retrieval," generated for Petitioner on February 5, 2025, which provides a synopsis of all administrative remedies filed by Petitioner during his time in BOP custody. I have reviewed Petitioner's Administrative Remedy Generalized Retrieval report and determined that Petitioner has properly completed the process required via the BOP Administrative Remedy Program. See Exhibit 6. Specifically, Administrative Remedy ID Number 1209504-F2, was filed at FCI Lompoc on August 22, 2024, and was denied on the same day. Id. at 2. Petitioner's Administrative Remedy ID Number 1209504-R1 was received at the Regional Office on November 12, 2024. Remedy ID Number 1209504-A1 was received by the Central Office on November 1, 2024, and was denied on November 14, 2024.

Id.

**17.** It is my understanding that this habeas petition was initiated with the filing of Petitioner's Petition on January 24, 2025. Petitioner properly submitted Administrative Remedy Requests at each of the three levels of the BOP Administrative Remedy Program prior to filing his Petition. See Exhibit 6. As such, Petitioner properly completed the process required via the BOP Administrative Remedy Program.

**18.** I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this _20th__ day of February 2025, at Stockton, CA.

___*Chris Liwag*/s/_____

Chris Liwag

Senior Correctional Programs Specialist

Western Regional Office