UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-756 SRM-MBK | Date | June 24, 2025 |
|---|---|---|---|
| Title | Verret v. Warden | | |

| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|
| James Muñoz | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**   ORDER RE: REPLY TO MOTION TO DISMISS

Richard Verret is a non-citizen prisoner in federal custody at Lompoc Federal Corrections Institute. In this habeas action, Mr. Verret alleges that the Bureau of Prisons (BOP) violated the First Step Act (FSA) be denying his transfer to a Residential Reentry Center (RRC). The Respondent, warden B. Birkholz, moved to dismiss the petition based on: (1) the Court's lack of subject matter jurisdiction over BOP housing decisions; and (2) Petitioner's ineligibility for release to an RRC based on his immigration status.

In its motion to dismiss, Respondent argued that "the BOP has determined that noncitizens subject to removal proceedings are generally ineligible for" transfer to an RCC, citing a January 30, 2025, memorandum governing the application of time credits for non-citizen inmates. Dkt. 9 at 4; *id*. Exh. 7 (memo entitled "Updated Guidance on Application of Federal Time Credits to Pre Release Custody for all Non-U.S. Citizens with an Active Detainer"). However, in a separate case pending before the Court, the Department of Justice filed a more recent memorandum, dated April 8, 2025, in which the BOP clarified its position with respect to noncitizen prisoners. *See Mohammed v. Engleman*, Case No. 2:25-cv-01011-MWC-MBK, 2025 WL 1647097 (C.D. Cal. Jun. 5, 2025); *id*. at Dkt. 15-4 (memo entitled "Non-U.S. Citizen Inmates Placement in Prerelease Custody and FSA Credits").

The April 8, 2025, memorandum states:

> For those inmates with immigration detainers or request for advance notification of release – but without a final order of deportation - who have accrued FSA Time Credits and are otherwise eligible to apply them, the BOP will only apply those credits – up to 365 days – to early release. Remaining FSA Time Credits, if any, will not be used for transfer to prerelease custody.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-756 SRM-MBK | Date | June 24, 2025 |
|---|---|---|---|
| Title | Verret v. Warden | | |

*Id.* at 3. The memorandum also explained that the BOP "will recognize limited exceptions to this directive":

> **First, if an inmate is a non-US citizen with an immigration detainer or request for advance notification of release and does not have a term of supervised release for which to apply the credits, BOP will allow those FSA Time Credits to be applied for transfer to prerelease custody (subject to available resources).** With respect to this exception, and as described below, every effort should be made to contact immigration authorities prior to transfer to prerelease custody. Other exceptions may apply if the result of an Agency settlement agreement or a court order.

*Id.* (emphasis added).

It appears that Petitioner falls within this exception. Petitioner has accumulated at least 195 days of earned time credits. Dkt. 9-1 at 4. His sentence includes no period of supervised release. Dkt. 9-5 at 2-4. And while Respondent states that Petitioner is "subject to removal proceedings" and "faces possible immigration detention and deportation," (Dkt. 9 at 4), he does not suggest Petitioner has been issued a final order of removal.[1]

Based on the information before the Court, therefore, Petitioner already should have been transferred to pre-release custody under the terms of BOP's April 8, 2025, memorandum. Respondent is therefore **ordered to file a status report by July 1, 2025**, that addresses (1) whether Petitioner is eligible for transfer to pre-release custody under the April 8, 2025, memorandum and, if so, (2) why Petitioner has not been transferred to pre-release custody in the nearly three months since the memo was issued.

**IT IS SO ORDERED.**

---

[1] Prisoners are "ineligible to apply time credits" if they are "the subject of a final order of removal under any provision of the immigration laws...." 18 U.S.C. § 3632(d)(4)(E); *see also* 28 C.F.R. § 523.44(a)(2) ("For any inmate eligible to earn FSA Time Credits under this subpart who is ... [s]ubject to a final order of removal under immigration laws as defined in 8 U.S.C. § 1101(a)(17)..., the [BOP] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release.").