BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
JOHNPAUL LECEDRE (Cal. Bar No. 303100)
    Post-Conviction and Special Litigation Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4447
    Facsimile: (213) 894-0142
    E-mail:  johnpaul.lecedre@usdoj.gov

Attorneys for Respondent
B. BIRKHOLZ, WARDEN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| RICHARD VERRET, | No. 25-CV-00756-SVW-MBK |
|---|---|
| Petitioner, | GOVERNMENT'S STATUS REPORT AND RENEWED MOTION TO DISMISS AS MOOT; DECLARATION OF BIANCA SHOULDERS WITH EXHIBITS |
| v. | |
| B. BIRKHOLZ, WARDEN, | |
| Respondent. | |

Respondent B. Birkholz, Warden, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files a status report regarding the petition of Richard Verret ("Petitioner"), in the above-entitled matter, for a writ of habeas corpus (Docket Number ("Dkt.") 1).

//

//

i

This motion to dismiss is based upon the attached memorandum of points and authorities, the declaration of Bureau of Prisons employee Bianca Shoulders with Exhibits attached thereto, and such further evidence and argument as the Court may request or permit.

Dated: July 1, 2025          Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

 /s/ JohnPaul LeCedre
JOHNPAUL LECEDRE
Assistant United States Attorney

Attorneys for Respondent
B. BIRKHOLZ, WARDEN

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This filing is in response to the order by this court on June 24, 2025 requiring that a status report be filed not later than July 1, 2025. Relatedly, because Petitioner will have been transferred to a Residential Reentry Center (RRC) by the filing of this memorandum, the government renews its motion to dismiss, but on the ground that the Petition is now moot.

**II. PERTINENT SUPPLEMENTAL BACKGROUND**

Following further review of the April 8, 2025 BOP memorandum, BOP has determined that Petitioner is eligible to earn First Step Act (FSA) Time Credits (FTCs). (See Declaration of Bianca Shoulders ("Shoulders Decl.") ¶ 1; Exs. A, C).

On June 26, 2025, Petitioner's file was reviewed and subsequently, on June 30, 2025, he was approved for transfer to an RRC in New Orleans. (Shoulders Decl. ¶ 4; Ex. D.) According to the Residential Reentry Management Administrator, he will transfer to the facility on July 1, 2025, contemporaneous with this filing. Id. Petitioner has also received an approved furlough, dated June 30, 2025. (Ex. E.)

**III. SUPPLEMENTAL ANALYSIS**

**A. Petitioner's Claim Has Been Rendered Moot By His Placement**

Mootness is a constitutionally imposed limit on the jurisdiction of federal courts. U.S. Const. Art. III, § 2. "To qualify as a case fit for federal court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997).

"A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (cleaned up). Unless the prevailing party can obtain effective relief, "any opinion as to the legality of the challenged action would be advisory." Id. at 287.

A habeas petition is moot where the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (cleaned up). "Mootness is jurisdictional." Id. at 999.

Here, Petitioner is no longer able to obtain the remedy which he seeks. Because Petitioner will have been furloughed as of June 30, 2025 and will be place at the RRC by July 1, 2025, the remedy which he seeks is impossible to obtain — rather, it has already been obtained.

Because BOP's revised guidance has resulted in Petitioner's placement in an RRC, "there is nothing remaining for [the] court to decide." Kittel v. Thomas, 620 F.3d 949, 951-52 (9th Cir. 2010). Accordingly, no relief is available, and the petition must be dismissed.

**IV. CONCLUSION**

For the reasons set forth above, the Court should dismiss the Petition.